30 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reymundo LANDAVAZO-LOPEZ, Defendant-Appellant.
 No. 93-10451.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 15, 1994.
Decided July 29, 1994.
 
 Before: FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Reymundo Landavazo-Lopez appeals his conviction for possession with intent to distribute and import some 30 pounds of cocaine. 21 U.S.C. Secs. 841(a)(1), 952(a), and 861(a)(1). He argues that the district court erroneously found that he had waived his Fifth Amendment privilege before making a statement which was ultimately introduced against him. We have jurisdiction, 28 U.S.C. Sec. 1291; 18 U.S.C. Sec. 3742, and affirm.
 
 
 3
 * Landavazo contends that his statement was improperly admitted, and that a new trial should have been granted, because the agent who read Landavazo his Miranda rights appeared to believe that the Spanish word for "to waive" meant "to invoke." Landavazo relies on testimony given in an unrelated case about another Fuentes interview, but his conclusion that it shows that Fuentes misunderstood the Spanish word "ceder" is based on speculation. As there is no evidence that Fuentes, who is bilingual, made a mistake, the district court did not err on this account.
 
 II
 
 4
 At the hearing on Landavazo's motion to suppress, Agent Fuentes testified he read the Miranda rights twice, and that each time Landavazo said that he understood his rights. At trial, Fuentes testified that Landavazo answered after being asked whether he understood his rights and would like to give them up, and that he indicated that he understood his rights. No question was asked on direct about whether Landavazo indicated anything one way or the other about waiver, but on cross-examination, Fuentes confirmed that after reading Landavazo his rights, Landavazo waived those rights. In light of this testimony, Landavazo's argument that the government failed to meet its burden of showing waiver fails.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition in not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3